```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                 Plaintiff,<br><br>-against-<br><br>RAZHDEN SHULAYA,<br><br>                 Defendant. | 17 Cr. 350 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    The Court is in receipt of Defendant Razhden Shulaya's pro se request for bail pending appeal and for appointment of counsel, a copy of which is attached hereto.

    Per Mr. Shulaya's request, CJA Counsel shall be appointed to represent him in this matter. CJA Counsel may supplement Mr. Shulaya's request for bail pending appeal no later than 21 days after the date of his/her appointment. The Government shall file any opposition to Mr. Shulaya's request for bail pending appeal no later than 21 days after CJA Counsel files any supplemental papers. CJA Counsel may file a reply no later than 14 days after the service of the Government's opposition.

    To the extent that Mr. Shulaya is requesting appellate counsel, he should address that request to the Court of Appeals.

    Chambers will mail a copy of this order to Mr. Shulaya.

**SO ORDERED.**

Dated:   New York, New York

1

July 8, 2020

*Loretta A. Preska*
_____
LORETTA A. PRESKA
Senior United States District Judge

JULY 1, 2020

THE HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
500 PEARL STREET
NEW YORK, NEW YORK 10007

        Re: United States v. Razhden Shulaya, Docket No. 17 Cr. 350 (LAP)

Dear Judge Preska:

    Defendant respectfully submits this emergency motion for bail pending appeal, pursuant to 18 U.S.C. 3143(b) and 3145(c). In addition, Defendant seeks the appointment of counsel to assist with pursuing the relief sought here. For the reasons stated hereinafter, this motion should be granted in its entirety.

I.   BACKGROUND.

    Defendant was convicted after a jury trial of Racketeering Conspiracy and related charges. On December 19, 2018, the Defendant was sentenced to an aggregate term of 45 years imprisonment. At the time of sentencing, Defendant was being held at the Metropolitan Detention Center in Brooklyn, New York ("MDC"). A timely notice of appeal was filed, and CJA counsel was appointed to represent Defendant on appeal. However, the first appellate attorney sought to be relieved and substitute CJA counsel was appointed. Defendant was subsequently transferred to the U.S. Penitentiary in Hazleton, West Virginia ("U.S.P. Hazelton") where he is currently held. Defendant's transfer to U.S.P. Hazelton made it impossible for him to communicate with counsel, leaving him virtually incommunicado. The second CJA appellate attorney recently withdrew from the case (without having filed an opening brief) due to COVID-19 related complications. It has been now been more than eighteen months since the sentence was imposed, and a notice of appeal filed, and Defendant has been effectively denied an opportunity exercise his right to appeal, primarily because of his inability to communicate with counsel as a result of his transfer outside the district, and placement in a maximum security prison at the Court's request.

    Notably, on July 29, 2019, defendant moved pro se for the appointment of counsel to assist him with the filing of a motion for a new trial based on newly discovered evidence, pursuant to Rule 33 of the Federal Rules of Criminal Procedure. The Court denied that motion, without prejudice, creating the likelihood that Defendant will be denied the opportunity to take advantage of the newly discovered evidence and prevent a complete miscarriage of justice. Defendant now seeks bail pending appeal to afford him a meaningful, full and fair opportunity to ensure the presentation of the issues warranting reversal of his unjust conviction on appeal, and to minimize (if not eliminate) the likelihood that he will contract and perish from the novel coronavirus.

II.   ARGUMENTS.

    **DEFENDANT SHOULD BE RELEASED ON BAIL PENDING APPEAL SINCE THE APPEAL IS NOT FOR THE PURPOSE OF DELAY, RAISES SUBSTANTIAL QUESTIONS OF LAW AND FACT, AND IS LIKELY TO RESULT IN A REVERSAL AND/OR NEW TRIAL, AND THERE ARE EXCEPTIONAL REASONS THAT MAKE HIS DETENTION INAPPROPRIATE**

(a)   The Legal Standard.

    18 U.S.C. 3143(b) set the standard for bail pending appeal, and authorizes and directs the release of a defendant when (1) he establishes by clear and convincing evidence that he is not likely to flee, and will not pose a danger to another person or the community if released on bond, and (2) the appeal is not for the purpose of delay, and (3) the appeal raises substantial questions of law and/or fact likely to result in reversal or a new trial. See, 18 U.S.C. 3143(b); United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985); United States v. Blaszczak, 947 F.3d 19, 30 (2d Cir. 2019)("the district court granted all defendants bail pending appeal on grounds that the forthcoming appeal would present novel and substantial questions"). Defendant submits that the issues on this appeal are seemingly novel and certainly substantial.

The Bail Reform Act also authorizes the release of a defendant pending appeal where there are exceptional reasons that make detention inappropriate. See, 18 U.S.C. 3145(c); United States v. Disomma, 951 F.2d 494 (2d Cir. 1991). Both the imminent threat of COVID-19 (to which Defendant is particularly susceptible), Defendant's inability to assist with the preparation of his appeal while confined to a maximum security prison during the COVID-19 crisis, and his actual innocence of engaging in violent acts (which newly discovered evidence substantiates), all individually, and cumulatively, provide exceptional reasons why detention pending appeal is not appropriate.

(b)  Substantial Questions of Fact and Law to Be Raised on Appeal.

  (i)  Denial of Right To Counsel of Choice.

The facts surrounding this claim were previously before the Court, although the Court did not explicitly address the substantive claim, and summarized here.

After his arrest in this case, Defendant retained attorney Peter Kapitonov to represent him. Mr. Kapitonov engaged in criminal conduct before the Court during a bail hearing by coaching a witness to make misrepresentations to the Court. Although the witnesses false statements were conveniently attributed to Defendant, it should be noted that Defendant had no contact with the witness between the time of his arrest and the bail hearing. The witness had been contacted by counsel, and all arrangements to have the witness appear were coordinated by counsel alone. However, after personally observing counsel's performance and misconduct, Defendant elected to retain new counsel -- Christopher Shella.

Mr. Shella subsequently encouraged and assisted an acquaintance of Defendant to submit an application to conduct legal visits with Defendant to the Bureau of Prisons. That application was alleged to have included false statements. It was Mr. Shella's belief that utilizing the acquaintance to visit with Defendant at the MDC would serve as a convenience to Mr. Shella, making it possible for him (Mr. Shella) to avoid the grueling and time consuming process of visiting with Defendant at the jail. Mr. Shella assisted the acquaintance with completing the necessary application. Defendant was excluded from that process. The information and advice as to what to list on the application was provided by Mr. Shella directly, and it was done outside the presence of Defendant and without Defendant's knowledge. However, again, Defendant was alleged to have been complicit in a scheme planned and executed by Mr. Shella to enable the acquaintance enter the MDC under false pretenses, and with the intent to violate a protective order issued by the Court. It bears noting that Defendant was denied an opportunity to defend against the allegations, as he was effectively denied counsel to respond to the allegations.

On October 18, 2017, despite being financial able to retain private counsel, and having done so, the district court relieved retained counsel and ordered Defendant to be represented by CJA counsel instead. During that status conference, Elizabeth Macedonio, Esq., was in attendance and had just been given approximately $20,000 as a retainer to represent the Defendant. Ms. Macedonio went on record advising the Court that she was in the process of being retained (although she had just been paid a portion of the $100,000 in cash, she did not reveal that fact to the Court). On October 23, 2017, CJA counsel filed his notice of appearance. On January 2, 2018, Ms. Macedonio filed her notice of appearance. However, the Court did not relieve CJA counsel, despite Defendant having retained counsel. Defendant made several subsequent attempts to choose his attorney, to no avail.

Despite his efforts, and financial ability, to choose his own attorney, Defendant was forced by the Court to be represented by CJA counsel. The appointment of CJA counsel was unauthorized by the Criminal Justice Act. See, e.g., United States v. Barton, 712 F.3d 11 (2d Cir. 2013). The impermissible infringement upon Defendant's right to counsel of choice, coupled with the unauthorized appointment of counsel, is certain to result in a reversal of the conviction on direct appeal. See, e.g., United States v. Stein, 541 F.3d 130, 146 (2d Cir. 2008). Bail is therefore not only appropriate, but warranted.

  (ii)  Newly Discovered Evidence.

On July 29, 2019, Defendant apprised the Court of newly discovered evidence which could not have been discovered through the exercise of due diligence prior trial, that establishes his actual innocence of alleged violent conduct. That same alleged conduct prompted the Court to

impose a 45 years prison term, and to recommend that the Bureau of Prisons place Defendant in a maximum security prison (a recommendation that was honored, despite the inappropriateness of placing Defendant in such a facility. As a direct result of the Court's recommendation -- which was based on gross governmental misconduct, in that the Government knowingly introduced perjured testimony to persuade the Court that Defendant had engaged in acts of violence when, in fact, the acts of violence never occurred. The Court denied, without prejudice (so as to prevent an appeal), Defendant's pro se motion which could have been, and arguably should have been (given his pro se status) construed as a motion for substantive relief from the judgment. Certainly the Second Circuit will view it as such, and order an remand.

III. CONCLUSION.

For the reasons stated heretofore, and to afford Defendant a meaningful opportunity to seek appellate review from the judgment of conviction and sentence imposed in this case, the Court should promptly appoint counsel, and issue an order releasing Defendant on bail pending the final disposition of the appeal.

WHEREFORE, Defendant prays that the Court will grant this motion and order Defendant released on bail (with a condition of strict home confinement) will issue forthwith, in the interest of justice.

Respectfully submitted,

/s/ Razhden Shulaya

------------------------------
RAZHDEN SHULAYA

cc: U.S. Attorney's Office (SDNY)