```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff<br><br>          -against-<br><br>RAZHDEN SHULAYA,<br><br>                    Defendant. | 17 Cr. 350 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Razhden Shulaya's pro se motion for bail pending appeal pursuant to 18 U.S.C. § 3142 (see dkt. no. 1273) and his supplemental counseled motion for bail pending appeal pursuant to 18 U.S.C. §§ 3143, 3145, and 3582(c)(1)(A), (dkt. no. 1283).  For the reasons set out below, the motions are denied.

    I.   Background

    As set out at length in the Court's Memorandum and Order dated April 30, 2019 denying Defendant's petition pursuant to 28 U.S.C. § 2255 (dkt. no. 1147) (the "2255 Order"), which is incorporated herein, Defendant held himself out as a "vor v zakone," a Russian phrase that translates into "Thief-in-Law." (Memorandum & Order, dated Apr. 30, 2019 ("Apr. 30 Order") [dkt. no. 1147], at 3.)  Evidence at trial showed that he headed an enterprise that, inter alia, sold stolen goods, trafficked in contraband cigarettes, committed identity theft, and engaged in

1

a host of other illegal acts and that he maintained his power by, inter alia, kidnapping, assaults, and intimidation.  (See, e.g., Trial Transcript, dated June 13, 2018 [dkt. no. 894], at 1455-58; GX 903VV; GX 903WW (showing a Shulaya lieutenant, Chaganava, battered and seemingly unconscious after a beating administered by Shulaya in a photo recovered from Shulaya's cellphone).)  Shulaya was convicted after trial of: Racketeering Conspiracy, pursuant to 18 U.S.C. § 1962(d); conspiracy to Sell and Transport Stolen Goods, pursuant to 18 U.S.C. § 371; Conspiracy to Traffic Contraband Cigarettes, pursuant to 18 U.S.C. § 371; Conspiracy to Commit Fraud Relating to Identity, pursuant to 18 U.S.C. § 1028(f); and Conspiracy to Commit Wire Fraud, pursuant to 18 U.S.C. § 1349.

As also set out at length in the 2255 Order, Defendant had a succession of lawyers during this case.  His first attorney, Peter Kapitonov, was relieved after he proffered a perjurious witness at Defendant's bail hearing.  (Apr. 30 Order at 5.) Christopher Shella immediately entered a notice of appearance for Mr. Shulaya.  (Id. at 5.)  Mr. Shella and an associate, however, made false representations to the Bureau of Prisons in an effort to get the associate, a friend of Defendant's, into the MDC under the guise of being an interpreter and a paralegal. (See Conference Transcript ("Oct. 18, 2017 Tr."), dated Oct. 18, 2017 [dkt. no. 360].)

Upon Mr. Shella's being relieved, the Hon. Katherine B. Forrest, the-then presiding judge, expressed concern about the counsel situation and appointed CJA counsel "for the duration of the case as necessary who may be joined by co-counsel but perhaps will not be released.  So the retention of counsel may not be something that results in the elimination of CJA counsel."  (Oct. 18, 2017 Tr. at 6.)  Accordingly, CJA counsel Frank Cercutti was appointed to represent Defendant on October 23, 2017.  (Apr. 30 Order at 6.)

On January 2, 2018, Mr. Shulaya retained yet another attorney, Elizabeth Macedonio, but Mr. Cercutti was not relieved.  (Id.)  A month or so later, a conference was held to address statements critical of the defense team that appeared on a website, razhdenshulaya.com.  (Id.)  During the discussion of whether he was satisfied with counsel, Mr. Shulaya said, inter alia, that certain discovery, including the indictment, had not been translated for him.  Ms. Macedonio contradicted Defendant, stating that she had sent numerous documents translated into Russian, including the indictment, to Defendant.  (Transcript, dated Mar. 23, 2018 [dkt. no. 645], at 7-8.)

Meanwhile, soon after Ms. Macedonio was retained, she and Mr. Cercutti met with the Government to discuss a disposition, and on or about February 28, the Government extended a formal plea offer to Mr. Shulaya.  (Apr. 30 Order at 9.)

3

On March 29, 2018, Judge Forrest convened another conference to discuss Mr. Shulaya's purported unhappiness with counsel.  At that time, Ms. Macedonio was relieved, and Mr. Cercutti resumed his role as lead counsel for Mr. Shulaya, joined that same day by Jennifer Louis-Jeans.  (Order, dated Mar. 29, 2018 [dkt. no. 658].)  At that conference, when the Court inquired whether Defendant was satisfied with Mr. Cercutti's representation, Defendant stated, again falsely, that he had not been sent the discovery.  (Transcript, dated Mar. 29, 2018 [dkt. no. 1145], at 13.)  The Court received a letter from Mr. Shulaya that same day in which he stated, again falsely, that he did not understand the plea agreement and needed someone to explain it to him.  (Letter from Razhden Shulaya, dated Mar. 27 [dkt. no. 656].)  As also set out at length in the 2255 Order, at the March 29 conference, Ms. Macedonio contradicted Defendant, stating that she and Mr. Cercutti met with Mr. Shulaya and explained to him the expected terms of the offer.  (April 30 Order at 13.)  When they received the written offer, they gave Mr. Shulaya a copy of the plea agreement, translated into Russian, and explained it to him again.  (Id.)  The Court confirmed that the plea agreement was "twice explained and twice rejected."  (Transcript, dated Mar. 29, 2018 [dkt. no. 1125-2], at 10.)  Thereafter, the Court issued a written opinion finding that Mr. Shulaya's application that alleged a lack of access to

4

discovery was "frivolous."  (Memorandum & Order, dated Apr. 10, 2018 [dkt. no. 677], at 1.)

At the May 24, 2018 final pretrial conference, the Court confirmed both with Mr. Cercutti and with Mr. Shulaya that a formal plea offer involving a sentence of 20 years had been extended to Mr. Shulaya and that he had rejected it.  (April. 30 Order at 14-15.)

Mr. Cercutti and Ms. Louis-Jeune represented Mr. Shulaya at trial.  As noted above, Defendant was convicted on five counts and sentenced principally to a below-Guidelines sentence of 45 years imprisonment.  (Id. at 15.)

By letter dated July 1, 2020, Mr. Shulaya filed his pro se motion for bail pending appeal pursuant to 18 U.S.C. § 3143.  (Letter from Razheden Shulaya ("Pro Se Mot."), dated July 1, 2020 [dkt. no. 1273].)  Thereafter, counsel filed a motion on behalf of Mr. Shulaya for bail pending appeal pursuant to 18 U.S.C. §§ 3143, 3145, and 3582(c)(1)(A).  (Letter from Patrick Joyce, dated Aug. 14, 2020 [dkt. no. 1283].)

II.  Applicable Law

18 U.S.C. § 3143(b), which sets the standard for bail pending appeal, provides that a court "shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment" be detained pending appeal unless the court finds "by clear and convincing evidence that the person is not

5

likely to flee or pose a danger to any other person or the community if released," and "that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in (i) reversal, (ii) an order for a new trial, (iii) a sentence that does not include a term of imprisonment, or (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process."  18 U.S.C. § 3143(b).

"Once a person has been convicted and sentenced to jail, there is absolutely no reason for the law to favor release pending appeal or even to permit it in the absence of exceptional circumstances."  United States v. Miller, 753 F.2d 19, 22 (3d Cir. 1985) (quoting H. Rep. No. 907, 91st Cong., 2d Sess. 186-87 (1970)).  Accordingly, following sentencing there is a "presumption in favor of detention."  United States v. Abuhamra, 389 F.3d 309, 319 (2d Cir. 2004).  The burden is on the defendant to "rebut that presumption with clear and convincing evidence." Id.

To determine whether an appeal "raises a substantial question of law" required under 18 U.S.C. § 3143(b), a "substantial question" is "a 'close' question or one that very well could be decided the other way."  United States v. Randell, 761 F.2d 122, 125 (2d Cir. 1985) (quoting United States v.

Giancola, 754 F.2d 898, 901 (11th Cir. 1985)). "If a court does find that a question raised on appeal is 'substantial,' it must then consider whether that question is 'so integral to the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial.'" Id. at 125 (quoting United States v. Miller, 753 F.2d at 23).  "[T]he burden of persuasion rests on the defendant."  Randell, 761 F.2d at 125.

III. Discussion

Neither Mr. Shulaya's pro se motion nor his counseled motion address the required showing by clear and convincing evidence under Section 3143, on which he has the burden, that he is not a flight risk or a danger to the community.  See 18 U.S.C. § 3141(b)(1)(A).  Accordingly, both motions fail for that reason alone.[1]

With respect to any "substantial question of law or fact" that might be raised on appeal, Mr. Shulaya relies on denial of

---

[1] If the Court were to rule on these issues, it is likely that Mr. Shulaya's foreign contacts (see Presentence Investigation Report, dated Oct. 2, 2018 [dkt. no. 1021], ¶¶ 104, 125-130), history of identity theft (id. ¶¶ 73-75), and reign of violent terror in his criminal enterprises (id. ¶¶ 23-34, 77 ("It appears Shulaya was involved in eight acts of assault (the older Georgian male (twice), the pool hall assault, the pistol whipping, the gang assault of Jikia, the assault of CS-2, the assault of Chaganava, and the assault of Vinokurov's associate[)].")), would compel a finding that he is both a flight risk and a danger to the community.

7

counsel of choice and newly discovered evidence. As to the former, he essentially complains that he had nothing to do with the perjurious actions of his first two lawyers but primarily complains of the Court's appointing CJA counsel and failing to relieve counsel upon Shulaya's retention of private counsel. (Pro Se Mot. at 2.) As the Court has previously determined in the 2255 Order, however, "[a]t no time was Shulaya forced to accept representation from a Court-appointed attorney." (Apr. 30 Order at 3.) Indeed, if anything, Judge Forrest's prescient appointment of CJA counsel provided Mr. Shulaya with continuity of counsel and an additional hand on deck at no cost to him. Thus, this claim is insufficient to raise a substantial question of law or fact under 18 U.S.C. § 3143.

With respect to newly-discovered evidence, Defendant relies on his July 29, 2019 letter. (Pro Se Mot. at 2-3 (citing Letter from Razhden Shulaya, dated July 29, 2019 [dkt. no. 1195]).) In that letter, Defendant says that a particular co-conspirator of the Defendant ("CC") called by the Government at trial stated, after trial, that: he did not participate in any illegal acts with the Defendant; the Defendant did not assault him; the Defendant is not a vor; and that he gave the Defendant a crossbow as a birthday present, not as a tribute. (Letter from Razhden Shulaya, dated July 29, 2019 [dkt. no. 1195], at 1.)

The Court construes this claim as one for relief under Rule 33 of the Federal Rules of Criminal Procedure.  Under Rule 33, relief may be granted based on newly discovered evidence only "upon a showing that (1) the evidence [was] newly discovered after trial; (2) facts are alleged from which the court can infer due diligence on the part of the movant to obtain the evidence; (3) the evidence is material; (4) the evidence is not merely cumulative or impeaching; and (5) the evidence would likely result in an acquittal."  United States v. Forbes, 790 F.3d 403, 406-07 (2d Cir. 2015) (citing United States v. Owen, 500 F.3d 83 (2d Cir. 2007)).  "[E]vidence is excluded from the meaning of 'newly discovered' under Rule 33 where (1) the defendant was aware of the evidence before or during trial, and (2) there was a legal basis for the unavailability of the evidence at trial, such as the assertion of a valid privilege."  Forbes, 790 F.3d at 408.

This purported post-conviction statement by Shulaya's co-conspirator, CC, is not "newly discovered" within the meaning of Rule 33 sufficient to warrant a new trial.  As the Government points out, the incident involving CC was known by Shulaya to be a subject of his trial no later than the Government's April 16, 2018 letter.  (See Letter from Andrew Adams, dated Apr. 16, 2018 [dkt. no. 689], at 4.)  Shulaya did not attempt to call CC at his trial, even though Shulaya now asserts that CC purportedly

9

would establish that one violent incident presented at trial did not occur.  This is not "newly discovered evidence" under Rule 33, and Shulaya's claim that it is new evidence does not create a "substantial question" on appeal within the meaning of § 3143.  In any event, there is no question that, in light of the mountains of evidence against Defendant at trial, this "newly discovered" evidence would not have resulted in an acquittal.

Finally, Defendant's counseled motion is based on the COVID-19 pandemic and Defendant's supposed gunshot wound.  Even assuming the fact of the wound and some "neurological" condition resulting from it is present and in fact constitutes "exceptional and compelling circumstances warranting release" under §§ 3145 and 3582(c)(1)(A), the Court would not release Mr. Shulaya because, as the evidence at trial made abundantly clear, he poses an extreme danger to the community.

IV. Conclusion

Mr. Shulaya's pro se motion for release pending appeal (see dkt. no. 1273) and his counseled motion for release pending appeal (dkt. no. 1283) are denied.

The Clerk of the Court shall mail a copy of this order to Defendant.

SO ORDERED.

Dated:   New York, New York
         January 25, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge

11