```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff<br><br>          -against-<br><br>RAZHDEN SHULAYA,<br><br>                    Defendant. | 17 Cr. 350 (LAP)<br><br>ORDER |

LORETTA A. PRESKA, Senior United States District Judge:

    Before the Court is Defendant Razhden Shulaya's pro se motion (dkt. no. 1334)[1] seeking (1) reconsideration of the Court's order denying Mr. Shulaya's motion for bail pending appeal pursuant to 18 U.S.C. § 3142 (see dkt. no. 1333)[2] and (2) the Court's recusal from further proceedings pursuant to 28 U.S.C. § 455(a).

    For the reasons set out below, the motion is denied.

I.   Legal Standard

  1. Motion for Reconsideration

    "A motion for reconsideration is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Drapkin v. Mafco Consol. Grp., Inc., 818 F. Supp. 2d 678, 695 (S.D.N.Y. 2011) (citation and internal quotation marks omitted). Such motions

---

[1] (Def.'s Motion for Reconsideration ("Mot."), dated Feb. 1, 2021 [dkt. no. 1334].)
[2] (Order ("Order"), dated Jan. 25, 2021 [dkt. no. 1333].)

"are properly granted only if there is a showing of: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) a need to correct a clear error or prevent manifest injustice."  Id. at 696.  "Reconsideration should not be granted where the moving party seeks solely to relitigate an issue already decided . . . ."  Christoforou v. Cadman Plaza N., Inc., 04 Civ. 8403 (KMW), 2009 WL 723003, at *7 (S.D.N.Y. Mar. 19, 2009).  Local rules limit such motions to reconsideration of "matters or controlling decisions which counsel believes the court has overlooked."  See S.D.N.Y. Local Civ. R. 6.3.  "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  Glob. View Ltd. Venture Capital v. Great Cent. Basin Expl., L.L.C., 288 F. Supp. 2d 482, 483 (S.D.N.Y. 2003) (quoting Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).  The Court may also grant the motion to "'correct a clear error or prevent manifest injustice.'"  Id. (quoting Banco de Seguros Del Estado v. Mutual Marine Offices, Inc., 230 F.Supp.2d 427, 428).  (S.D.N.Y.2002).

2. Recusal

28 U.S.C. § 455 provides that "[a]ny justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned" or "[w]here he has a personal bias or prejudice concerning a party."  See 28 U.S.C. §§ 455(a), (b)(1).  The purpose of these provisions is "to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible."  Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 865 (1988).  Courts apply an objective test when applying Section 455(a), asking whether "an objective, disinterested observer fully informed of the underlying facts, [would] entertain significant doubt that justice would be done absent recusal."  United States v. Lovaglia, 954 F.2d 811, 815 (2d Cir.1992).  The Court of Appeals has cautioned that when answering this question, "the grounds asserted in a recusal motion must be scrutinized with care, and judges should not recuse themselves solely because a party claims an appearance of partiality."  In re Aguinda, 241 F.3d 194, 201 (2d Cir.2001); see also Canino v. Barclays Bank, PLC, No. 94 Civ. 6314, 1998 WL 7219, at *3 (S.D.N.Y. Jan.7, 1998) ("The statute does not compel disqualification simply on unfounded innuendo concerning the possible partiality of the presiding judge.") (quotation marks and citation omitted).

II.  Discussion

  1. Reconsideration

Mr. Shulaya's pro se motion offers four apparent bases for reconsideration: that (1) the Court overlooked the fact that one of his attorneys, Ms. Macedonio, had been retained by Mr. Shulaya prior to Judge Forrest's appointment of CJA counsel (Mot. at 3-4); (2) Mr. Shulaya had been denied the assistance of another attorney, Mr. Schulman (id. at 4); (3) the statement of a non-party proffered as purported new evidence could not have been known to Mr. Shulaya prior to trial (id. at 5); and (4) there is no basis for the Court to conclude that Mr. Shulaya is a flight risk or a danger to the community (id. at 5).

As to (1), the Court did not overlook Mr. Shulaya's contention, also raised in his pro se motion (dkt. no. 1273, at 4), that he paid Ms. Macedonio before the Court appointed CJA counsel and before Ms. Macedonio entered a notice of appearance. The Court determined, both in its order denying bail and its order denying Mr. Shulaya's habeas petition, that "[a]t no time was Shulaya forced to accept representation," and, "appointment of CJA counsel provided Mr. Shulaya with continuity of counsel and an additional hand on deck at no cost to him."  (Order at 8.)  In any case, Mr. Shulaya's contention that he paid Ms. Macedonio prior to the Court's appointment of CJA counsel--which occurred at a conference during which Ms. Macedonio represented

4

that she was in negotiations to be formally retained as Mr. Shulaya's counsel--does not raise a substantial question of law or fact warranting his release pending appeal under 18 U.S.C. § 3143.

As to (2), Mr. Shulaya's argument that he was denied the assistance of another attorney, Sanford A. Schulman, is nowhere mentioned in either his pro se or counseled motions for bail pending appeal.  "[A] party is barred from making for the first time in a motion for reconsideration an argument it could readily have raised when the underlying issue was being briefed but chose not to do so."  Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 20 (S.D.N.Y. 2005).  Defendant offers no further explanation as to the circumstances of the denial of his attempt to employ Mr. Schulman's assistance or why this affords him the requested relief.  In any case, it is not properly before the Court for Mr. Shulaya's failure to raise it in his briefing.

As to (3), the Court's order directly addressed Mr. Shulaya's contention that the statement of a non-party witness proffered as new evidence could not have been known to him prior to trial. (Order at 9-10 ("As the Government points out, the incident involving CC was known by Shulaya to be a subject of his trial no later than the Government's April 16, 2018 letter.  Shulaya did not attempt to call CC at his trial . . . . In any

5

event, there is no question that, in light of the mountains of evidence against Defendant at trial, this 'newly discovered' evidence would not have resulted in an acquittal.")  Because the Court already considered and addressed this contention in its order denying Mr. Shulaya bail, it does not provide a basis for reconsideration.

As to (4), Mr. Shulaya argues that there is no basis for the Court to conclude that he poses a flight risk or danger to the community in light of "potential testimony from someone who was neither a defendant nor a party to any of the alleged criminality in this case regarding statements made to him by an alleged victim that Defendant has never assaulted him as another witness testified."  (Mot. at 5.)  As the Court noted in its order denying bail, neither Mr. Shulaya's pro se motion nor his counseled motion made the required showing that he is not a flight risk or danger to the community, and, in any case, there were ample facts, beyond the assault that Mr. Shulaya argues did not occur, that compelled a finding that Mr. Shulaya would be both a flight risk and danger to the community.  (Order at 7 n.1 ("If the Court were to rule on these issues, it is likely that Mr. Shulaya's foreign contacts, history of identity theft, and reign of violent terror in his criminal enterprises would compel a finding that he is both a flight risk and a danger to the

6

community." (citations omitted).)  Accordingly, the Court declines to reconsider its ruling on this issue.

    2. Recusal

Mr. Shulaya argues that the Court's purported "mischaracterization of the newly discovered evidence" requires that the Court recuse itself pursuant to 28 U.S.C. § 455(a). (Mot. at 5.)  The scope of 28 U.S.C. § 455(a) "is commonly limited to those circumstances in which the alleged partiality stems from an extrajudicial source." United States v. Carlton, 534 F.3d 97, 100 (2d Cir. 2008) (citation omitted). Accordingly, "opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." LoCascio v. United States, 473 F.3d 493, 495-96 (2d Cir. 2007) (per curiam) (citation omitted).  Even "a judge's comments during a proceeding that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge." Carlton, 534 F.3d at 100 (citation omitted).

Beyond reciting his position that the Court mischaracterized the facts, Mr. Shulaya offers no purported reason--let alone an extrajudicial or otherwise cognizable one--

7

that might warrant disqualification under 28 U.S.C. § 455(a). Accordingly, his request that the Court recuse itself from future proceedings is denied.

III. Conclusion

Mr. Shulaya's pro se motion for reconsideration and recusal (see dkt. 1334) is denied.

The Clerk of the Court shall mail a copy of this order to Defendant.

**SO ORDERED.**

Dated:   New York, New York
         February 1, 2021

_____
LORETTA A. PRESKA
Senior United States District Judge